IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DR. DESMOND HODA, D.C.                                    PLAINTIFF

vs.                                CIVIL ACTION NO. 1:08cv1313-HSO-JMR

COVENTRY HEALTH CARE, INC.                               DEFENDANT

**DEFENDANT COVENTRY HEALTH CARE, INC.'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO DISMISS CLASS CLAIMS AND
PLAINTIFF'S INDIVIDUAL CLAIM FOR INJUNCTIVE RELIEF**

Defendant Coventry Health Care, Inc. ("Coventry") respectfully submits this
Memorandum of Law in support of its Motion to Dismiss Plaintiff's Class Claims and Plaintiff's
Individual Claim for Injunctive Relief.

## I.    INTRODUCTION

Plaintiff Dr. Desmond Hoda, D.C. ("Dr. Hoda") seeks to treat his breach of contract
action against Coventry as a nationwide (except Louisiana) class action for damages and
injunctive relief. Dr. Hoda seeks to represent every health care provider in the country, except
those in Louisiana, who has contracted with Coventry's First Health PPO Network.

Because the classes as the Complaint defines them could never be certified as a matter of
law, the class claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state
a claim upon which relief can be granted. Membership in the "Damages Class" could not be
ascertained without making a determination of the ultimate issue of liability as asserted by the
plaintiff – whether any claims were paid in the specific way that the Complaint alleges was
improper. And making that determination as to each individual provider would require a
detailed analysis of the claim for payment for each medical service reflected on each individual

claim submitted by that provider to Coventry to ascertain how the claim was paid compared to how the plaintiff asserts it should have been paid.

Either the necessity for a merits determination to define class membership or the necessity for such a detailed individualized inquiry alone would be sufficient to preclude class treatment of this case. That the class definition on the face of the Complaint requires both compels that the class claims be dismissed.

In addition, other defects on the face of the Complaint require the class claims to be dismissed. The Fifth Circuit has recognized that nationwide classes pose serious problems relating to choice of law and the manageability of the suit. If a nationwide class were certified, this Court would be forced to consider questions of law that differ from state to state. These highly individualized questions defeat Rule 23(b)(3)'s "predominance" requirement as a matter of law.

The injunctive relief that Dr. Hoda seeks is not available as a matter of law, both on an individual and class basis. The face of the Complaint reveals that this is primarily a suit for damages for an alleged breach of contract. The injunctive relief sought is nothing more than to enjoin Coventry not to breach its many contracts around the country. Because Dr. Hoda as well as other members of the purported "Injunctive Class" have an adequate remedy at law injunctive relief is not available, either on an individual or class basis. Moreover, a nationwide class cannot be certified under Rule 23(b)(2) as a matter of law, because it would require constant supervision by this Court. Furthermore, the law is well-settled that Rule 23(b)(2) is not the proper vehicle where monetary damages are sought in conjunction with equitable relief. Dr. Hoda cannot sidestep the "predominance" requirement of 23(b)(2) by relying on the Complaint's incidental prayer for injunctive relief.

2

Finally, Dr. Hoda's proposed class allegations do not meet the stringent requirements of either Rule 23(b)(1)(A) or (B).  Certification under 23(b)(1)(A) is inappropriate in actions seeking compensatory damages, which is exactly what Dr. Hoda seeks.  Furthermore, certification under subsection (B) is only applicable to a limited-fund, non-opt-out class—a situation that neither exists nor is alleged here.

In short, even reading the Complaint in the most favorable light, as a matter of law, a nationwide class cannot be certified based on the claims alleged.  Even assuming that Dr. Hoda could satisfy the four preliminary requirements of Fed. R. Civ. P. 23(a) (numerosity, commonality, typicality and adequacy), the Complaint does not—and cannot under any circumstances—satisfy the requirements of Fed. R. Civ. P. 23(b).  Because a class cannot be certified as alleged, no claim for relief on behalf of the class can be sustained.  Accordingly, under Rule 12(b)(6), Dr. Hoda's class allegations should be dismissed.  In addition, Dr. Hoda's individual claim for injunctive relief cannot be sustained because he has an adequate remedy at law.

## II.    <u>STATEMENT OF FACTS</u>

This case relates to the payment of health care providers for workers compensation claims.  Coventry owns and operates a First Health provider network. Coventry contracts with health care providers who wish to become members of a Coventry owned network that workers compensation insurers can access.  Dr. Hoda alleges that Coventry breached all of its First Health Provider Agreements nationwide by incorrectly calculating the reimbursement due to providers in Coventry's First Health provider network who have submitted workers' compensation medical bills. (Complaint, ¶¶ 9-11).  He further alleges that providers have been damaged because these incorrect calculations have resulted in underpayment to the providers.

(Complaint, ¶¶ 14-15). Dr. Hoda purports to represent two classes of health care providers who have entered into First Health Provider Agreements with Coventry. (Complaint, ¶ 1). One, the Damages Class, is for the claim for damages. Through the other, the Injunctive Class, Dr. Hoda seeks an injunction directing Coventry to comply with all of its contracts nationwide.

The Complaint alleges a specific breach in a particular kind of contract in a state with a particular kind of workers compensation law. The defect in payment that the Complaint alleges requires a contract that has a payment mechanism that depends upon a comparison between a state fee schedule and the provider's billed charges. If the contract provides for the payment to the provider for a particular service to be the lesser of provider's standard billed charge for that service or a percentage discount off of the state fee schedule payment for that service the Complaint alleges that Coventry instead takes the percentage reduction off of the lesser of the billed charges or the state fee schedule amount.

The Complaint defines the Damages Class by this same merits allegation. In order to determine the merits – as well as class membership – a detailed analysis would be required. First, a review of state law would be necessary to determine whether its workers compensation law provides for a fee schedule and whether providers are authorized to contract for a reimbursement amount that differs from the fee schedule amount. Next, a determination would need to be made as to whether any Coventry contracts in those states with a fee schedule that permit differing contracted rates have provisions of the kind that the Complaint alleges. Then a determination would need to be made of which providers have had such contracts. Next, a determination would need to be made for each service furnished by that provider on each claim that that provider submitted to determine whether the provider's billed charges were less than the fee schedule amount for that service, recognizing that both the provider's billed charges and the

state's fee schedule amount for each service would change from time to time. Finally, the paid amount would need to be compared to the billed charges and the contract percentage discount off of the fee schedule amount, which percentage could vary by provider.

### III.   ARGUMENT AND CITATION TO AUTHORITY

Pursuant to Fed. R. Civ. P. 12(b)(6), a defendant may move for dismissal of claims asserted against it when a plaintiff's complaint fails to "state a claim upon which relief can be granted." On a Motion to Dismiss, the Court must accept plaintiff's "well-pleaded" facts as true and construe the pleadings in a light most favorable to the plaintiff. Carter v. Jackson Pub. Sch. Dist., 2008 U.S. Dist. LEXIS 73337, *6-7 (S.D. Miss. September 3, 2008). In Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007), the Supreme Court recently recognized that, to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "facts to state a claim to relief that is plausible on its face." In pleading his grounds for entitlement to relief, a plaintiff must provide more than just speculative allegations and must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ." Id. (internal citations omitted). Moreover, the court is not required to accept conclusory allegations as true. Papasan v. Allain, 478 U.S. 265, 286 (1986).

In a class action lawsuit, a defendant may successfully move to dismiss class allegations when the allegations fail as a matter of law. See Saunders v. Bell South Advertising & Publishing Corp., 1998 U.S. Dist. Lexis 20523,*7 (S.D. Fla. Nov. 12, 1998)(granting defendant's Motion to Dismiss plaintiff's class allegations pursuant to (b)(2) and (b)(3)). Federal courts consistently dismiss plaintiffs' class allegations pursuant to Fed. R. Civ. P. 12(b)(6) or strike class allegations when the complaint shows that the requirements for maintaining a class action cannot be met. Indeed, the Supreme Court, in Gen. Tel. Co. of the Southwest v. Falcon, 457

U.S. 147, 160 (1982) recognized that "sometimes [class certification] issues are plain enough from the pleadings. . . ." See, <u>Ayers v. Board of Education of Western Line Consolidated School District</u>, 61 F.R.D. 414, 415 (N.D. Miss. 1973)(granting defendant's motion to strike the plaintiffs' class allegations, holding that the rights of each of the plaintiffs "may well be governed by a factual situation not common to that of the others."); <u>Ardoin v. Stine Lumber Co.</u>, 220 F.R.D. 459, 467 (W. D. La. 2004)(granting defendant's motion to strike class allegations, finding that the plaintiffs could not meet the requirements under Rule 23); <u>Miller v. Motorola, Inc.</u>, 76 F.R.D. 516 (N.D. Ill. 1977)(granting motion to strike class action allegations on the basis of the complaint); <u>Rowe v. Morgan Stanley Dean Witter</u>, 191 F.R.D. 398 (D.N.J. 1999)(granting defendant's motion to dismiss the class action allegations finding that, as a matter of law, the class could not be certified).

## A. The Alleged "Damages Class" Cannot Be Certified As A Matter Of Law.

### 1. The Class Is Unascertainable Because This Court Must Determine Ultimate Issues Of Liability To Determine Class Membership.

Dr. Hoda seeks to represent a nationwide class of health care providers seeking damages for Coventry's alleged breach of contract.[1] Specifically, Dr. Hoda seeks to certify the following "Damages Class:"

> Health care providers in all states other than Louisiana who have had their workers' compensation medical bills discounted pursuant to PPO agreements with Coventry's First Health PPO Network where the Provider has charged less than the applicable state workers' compensation fee or reimbursement schedule.

---

[1] On the face of the Complaint, Dr. Hoda cannot even meet the requirements of Rule 23(a). Dr. Hoda does not allege that he is a member of the classes he seeks to represent. He seeks to represent a class of health care providers, yet completely fails to allege that he is a health care provider, that he entered into any Provider Agreement with Coventry, or that the terms of any such Agreement are common to those of any putative class members. Accordingly, he fails as a matter of law to meet either the typicality or adequacy requirements of Rule 23(a).

As defined, this class is not only unascertainable, but the overwhelming individualized issues of both fact and law make it impossible for Dr. Hoda to meet the requirements of Fed. R. Civ. P. 23.

It is "elementary" that "a class must be adequately defined so that all members of the class are clearly ascertainable before a class action can be certified under Rule 23." De Bremaecker v. Short, 433 F.2d 733, 734 (5th Cir. 1970).[2] A class is unascertainable where the class definition requires the court to determine the ultimate issue of liability to define class members. Such classes are "self-defeating" because of the court's "inability to define who belongs in it before there has been a full trial." 8 Newberg on Class Actions, § 24.17 (4th ed. 2008). In Johnson v. Kan. City S., Ill. Cent. R.R., 224 F.R.D. 382, 389 (S.D. Miss. 2004), this Court denied class certification of a class of landowners who alleged that fiber optic cable was unlawfully installed on their property. In denying class certification, the court noted that individualized reviews to determine who owned the property at issue were necessary simply to determine class membership. Id.

Numerous other courts have denied certification on this basis. For example, in Kenro, Inc. v. Fax Daily, 962 F. Supp. 1162, 1170 (S.D. Ind. 1997), the court denied certification where plaintiff's definition of the class would not only require the court to conduct individual inquiries, but would also "require the court to address the central issue of liability" to determine who was a member of the class. Similarly, in Ostler v. Level 3 Communs., Inc., 2002 U.S. Dist. LEXIS 17366 (S.D. Ind. Aug. 27, 2002), the court denied certification of an impermissible "fail safe" class where class membership was based upon the putative class member's ability to succeed on

---

[2] The Fifth Circuit has recognized that whether the class has been adequately defined must be analyzed separately from the specific requirements of Rule 23. DeBremaecker, 433 F.2d at 734.

the merits, stating: "[w]here such a decision on the merits of a person's claim is needed to determine whether a person is a member of a class, the proposed class action is unmanageable virtually by definition." Id at *6. [3]

The class Dr. Hoda seeks to certify suffers from the same fatal deficiencies as the cases above. As defined, the class includes health care providers in all states (except Louisiana) who have had their medical bills discounted pursuant to their agreements with Coventry, where they have charged less than the applicable state workers' compensation rate or reimbursement schedule. (Complaint, ¶ 1). Determination of membership in this proposed class would require a mini-hearing on the merits of each putative class member's case. Dr. Hoda alleges that the Provider Agreements state that providers will be reimbursed the lesser of: (1) the provider's billed charges or (2) a stated percentage of the applicable state workers' compensation fee or reimbursement schedule as payment for workers' compensation medical bills. (Complaint, ¶ 9).

---

[3] See also, Forman v. Data Transfer, 164 F.R.D. 400, 404 (E.D. Pa. 1995)(plaintiff's proposed class definition to be untenable where a determination of class membership "would essentially require a mini-hearing on the merits of each case."); Pastor v. State Farm Mutual Automobile Ins. Co., 2005 U.S. Dist. LEXIS 22338, *9 (N.D. Ill. September 30, 2005)(where class definition required inquiry into merits of each class member's claim to determine class membership, class could not be certified); Newton v. Southern Wood Piedmont Co., 163 F.R.D. 625, 632 (S.D. Ga. 1995)(plaintiffs' class definition was "fundamentally defective" where it required a finding of a medical diagnosis to determine who was in the class); Heffelfinger v. Electronic Data Systems, 2008 U.S. Dist LEXIS 5296, *45 (C.D. Cal. Jan. 7, 2008)(noting that "fail safe" classes, where the class members either win or are not in the class, have been held to be improper); Mad Rhino, Inc. v. Best Buy Co., Inc., 2008 U.S. Dist. LEXIS 8619, *12 (C.D. Cal. Jan. 14, 2008)(denying certification where "individual issues of competition prevented the court from determining who is or is not in the class without evaluating the merits."); Hagen v. Winnemucca, 108 F.R.D. 61, 63 (D. Nev. 1985) (denying certification where court would be required to consider the merits of the controversy to determine who was in the class); Dunn v. Midwest Buslines, Inc., 94 F.R.D. 170, 171-72 (E.D. Ark. 1982)(denying certification in Title VII action, noting that "a class of 'those who have been actually discriminated against' has no limits until conclusion of the trial on the merits"); Bledsoe v. Combs, 2000 U.S. Dist. LEXIS 7434, *11 (S.D. Ind. Mar. 14, 2000)(denying certification where the court could not determine class members without hearing evidence on merits of each person's claim).

Dr. Hoda further alleges that Coventry breached the Provider Agreements by applying the stated percentage (or discount) to the billed charges, rather than the state workers' compensation fee or reimbursement schedule. (Complaint, ¶ 10-11). Assuming the truth of these allegations for purposes of this Motion, in order to determine membership in the proposed class, this Court would have to undertake a detailed analysis of multiple state laws, as explained in the next section, as well as a detailed analysis of each provider to determine: (1) whether the provider had a contract with the provision alleged in the Complaint; (2) what the provider's billed charge was for each service reflected on each claim for payment submitted by that provider: (3) what the fee schedule charge was for each service reflected on each bill; (4) whether the billed charge was less than the fee schedule amount for each service on each bill; and (5) whether and for what amount each medical bill for each provider was discounted and whether the discount was taken from the charged amount or the workers' compensation reimbursement schedule. A resolution of these issues would not only have to be done on a claim-by-claim basis, which would be highly individualized, but would also resolve the issues of liability. As a matter of law, plaintiff's class is untenable.

### 2.    <u>As A Matter Of Law, Dr. Hoda's Nationwide Damages Class Does Not Meet The Requirements Of Rule 23(b)(3).</u>

#### a.    **Because This Court Would Have To Examine The Laws Of Forty-Nine States, Neither The Predominance Nor The Superiority Requirements Of Rule 23(b)(3) Are Met.**

Fed. R. Civ. P. 23(b)(3) requires that "questions of law or fact common to the members of the class predominate over questions affecting only individual members" and that the class action is "superior to other available methods for the fair and efficient adjudication of the controversy." Rule 23(b)(3) thus measures "whether the proposed classes are sufficiently cohesive to warrant adjudication by representation." <u>Bell Atl. Corp. v. AT&T Corp.</u>, 339 F.3d

294, 301 (5th Cir. 2003). Here, individualized legal questions predominate over any common legal issues, precluding certification under Rule 23(b)(3).

The Fifth Circuit has held that a plaintiff who seeks to certify a nationwide class of state law claims—which must be decided on the basis of the law of multiple states—cannot meet Rule 23(b)(3)'s predominance requirement because the legal issues do not pose a common question. Cole v. General Motors Corp., 484 F.3d 717, 724 (5th Cir. 2007). The Fifth Circuit in Cole reversed the lower court's certification of a nationwide class on the basis that in class actions governed by multiple states' laws, the variations in state law defeat predominance. Id. See Castano v. The American Tobacco Co., 84 F.3d 734, 741 (5th Cir. 1996)(reversing the district court's certification of a nationwide class, noting "variations in state law may swamp any common issues and defeat predominance"); Harrell v. Checkagain, LLC, 248 F.R.D. 199, 202 (S.D. Miss. 2006)(noting that nationwide class was inappropriate where "resolution of the issues for trial would require reference to the state laws of all 50 states" and therefore certification would "swamp all common issues and defeat predominance.")

Courts have routinely refused to certify nationwide classes based on breach of contract. In Pastor v. State Farm Mutual Automobile Ins. Co., 2005 U.S. Dist. LEXIS 22338, *28 (N.D. Ill. Sept. 30, 2005), the court refused to certify a nationwide breach of contract case, noting: "[a] nationwide class can pose serious problems about choice of law, the manageability of the suit and thus the propriety of class certification." Even "minor" differences in state laws "are important enough to deny certification to a nationwide class." Id. (internal citations omitted).

In Marino v. Home Depot U.S.A., Inc., 245 F.R.D. 729, 736 (S.D. Fla. 2007), the court refused to certify a nationwide class on a breach of contract claim against Home Depot, holding

10

that the laws of all fifty states would apply to the claim.  The court held that differences in state laws on breach of contract claims would make the class unmanageable.  Id.

In Clausnitzer v. Federal Express Corporation, 248 F.R.D. 647 (S.D. Fla. 2008) the court denied certification of the plaintiffs' nationwide breach of contract claim, finding that their "sweeping nationwide breach of contract claim is overly simplistic and fails to account for a variety of legal issues that must be addressed in determining the nature and terms of the alleged contracts between FedEx and plaintiff employees in the various covered jurisdictions." Id. at 654.  These individualized legal questions predominated over those common to the class. Id. at 658.  Similarly, in Luciano v. Eastman Kodak Co., 2006 U.S. Dist. LEXIS 33452, *3 (W.D.N.Y. May 25, 2006) the breach of contract claims at issue involved the laws of 48 jurisdictions. Because resolution of these claims ". . . would require the interpretation and application of several different laws of several different states and territories . . . " the plaintiff failed to establish that its breach of contract claims were common to the class. See, Bowers v. Jefferson Pilot Financial Ins. Co., 219 F.R.D. 578, 581 (E.D. Mich. 2004)(nationwide breach of contract claims could not be certified due to differences in applicable state laws).

Here, differences in both state workers compensation law and state contract law preclude certification as a matter of law.   The class definition depends on  providers' being in states in which the state workers compensation law provides for a fee schedule.  Workers compensation laws vary, and an analysis would need to be undertaken to determine which states had laws that provide for fee schedules, what variation there has been in those laws, and how those laws may have changed over time during the class period.  That variation precludes class treatment.

In addition, because the breach of contract claims at issue are being brought on behalf of providers in 49 of the 50 states, adjudication of these claims would require interpretation of the

laws of numerous different states.  The contract laws of the states differ widely. [4] As noted by numerous courts above, these differences in the contract law of forty-nine states predominate over any common issues and would make plaintiff's claims unmanageable. [5]  As a result, class treatment is also not a superior method of adjudication under Rule 23(b)(3). Clausnitzer 248 F.R.D. at 662.

> **b.    Differences In The Applicable Statutes Of Limitations Also Defeat Predominance And Superiority.**

Differences in the statute of limitations also prevent common issues from predominating among class members and precludes certification of plaintiff's claims.  In Marino, 245 F.R.D. at 735, the court noted that differences in the states' statutes of limitations also precluded certification of the plaintiff's breach of contract claim.  Similarly, in Clausnitzer, 248 F.R.D. at 655, the plaintiffs proposed to limit the class time period based upon the applicable statutes of limitations.  In finding the class definition inadequate, the court noted that putative class members may be excluded or included in the class "depending on whether the limitations period on each claim has run."  Accordingly, the class, as defined, was unmanageable.  Id.

---

[4]    By way of example only, as noted by the court in Bowers, the states vary as to whether states will consider extrinsic evidence to determine whether an ambiguity exist and what types of extrinsic evidence they will consider if there is an ambiguity in the agreement at issue.  219 F.R.D. at 582.  Additionally, Florida requires a breach to be "material," while other states only require a breach.  Marino, 245 F.R.D. at 735.

[5]    Dr. Hoda may argue that the court can apply the law of only a few states to make the class more manageable and efficient.  However, "Due Process requires individualized consideration of the choice of law issues raised by each class member's case before certification."  Rosen v. Chrysler Corp., 2000 WL 34609135, *12 (E.D. Mich. July 18, 2000).  In Rosen, the court rejected the plaintiff's argument to apply the law of one state, stating:  "since the laws of each of the fifty states vary on important issues that are relevant to plaintiffs' causes of action and defendants' defenses, the court cannot conclude that there would be no conflict in applying the law of a single jurisdiction. . . . Thus, the court will apply the law of each of the states from which plaintiffs hail. This conclusion, of course, creates problems for class certification itself." Id.

Here, Dr. Hoda does not include a class period in his definition of the class. Accordingly, as with the plaintiffs in Clausnitzer, inclusion or exclusion in the class would be based upon the applicable limitations period. Mississippi generally considers its statutes of limitations as procedural. Siroonian v. Textron, Inc., 844 F.2d 289, 292 (5th Cir. 1988). However, where the substantive law of another jurisdiction applies to a case venued in Mississippi, and that other state considers its statute of limitations to be substantive, Mississippi courts have "recognized and apply such periods of limitation as substantive law." Walls v. General Motors, Inc., 906 F.2d 143, 146 (5th Cir. 1990). Given that plaintiffs seek to include providers in forty-nine states, a determination of what limitation period (and therefore what class period) applies to each putative class member would be a highly complicated and individualized process. Simply to ascertain what limitations period applies to each claim, this Court would have to perform a choice of law analysis as to each class member to determine which state's law applies. This would entail an examination of the place of contracting, the place of negotiation of the contract, the place of performance of the contract, the location of the subject matter of the contract and the residence of the parties. [6] This Court would then have to look at whether that state considers its limitations statutes to be procedural or substantive. Moreover, application of the different limitation periods on breach of contract claims enacted by the states would be highly individualized and prevents common issues from predominating as a matter of law. [7]

---

[6] Mississippi applies the substantive law of the state satisfying the "center of gravity" test of the Restatement (Second) Conflict of Laws in contract cases. Under the "center of gravity" test, the law of state with the most significant relationship to the transaction and the parties applies. Hartford Underwriters Ins. Co. v. Foundation Health Services, Inc., 524 F.3d 588, 595 (5th Cir. 2008).

[7] By way of example, Florida's statute of limitations on breach of contract actions is 5 years See Fla Stat. §95.11; Colorado's statute of limitations is 3 years. See Colo. Rev. Stat. §

### c.    Individualized Issues Of Fact Also Predominate.

In breach of contract cases, where individualized inquiries are necessary to determine whether a breach of a contract has occurred, the predominance requirement is not met.  In Klay v. Humana, Inc., 382 F.3d 1241, 1255 (11th Cir. 2004), the Eleventh Circuit reversed the lower court's certification of the plaintiffs' breach of contract claims, finding that individualized issues of fact predominated over common issues.  Klay is very similar to this case.  The plaintiffs were physicians who brought claims against defendant HMOs alleging that the defendants breached their agreements by systematically underpaying them.  Id. at 1261.  The plaintiffs sought certification on their breach of contract claims, among others.  With respect to the contract claim, the court held that individualized facts with respect to whether the defendants breached each of the doctor's contracts predominated and precluded class certification.  The court noted that ". . . each doctor, for each alleged breach of contract (that is, each alleged underpayment), must prove the services he provided, the request for reimbursement he submitted, the amount to which he was entitled, the amount he actually received, and the insufficiency of the HMO's reasons for denying full payment.  There are no common issues of fact that relieve each plaintiff of a substantial portion of this individual evidentiary burden."  Id. at 1264.  See also Sparano v. Southland Corp., 1996 U.S. Dist. LEXIS 17485 (N.D. Ill. Nov. 21, 1996)(on putative class action for breach of contract, although the contract at issue was a "form" agreement, where individualized inquiries were necessary to determine whether a breach occurred, plaintiffs failed to meet the predominance requirement); Pastor, 2005 U.S. Dist. LEXIS 22338 at *21 (individualized inquiries necessary to determine whether contract was breached defeated predominance requirement of Rule 23).

---

13-80-102; California's statute of limitations is 4 years See Cal. Civ. Proc. Code § 312; Georgia's statute of limitations is 6 years. See O.C.G.A. § 9-3-24.

Here, even assuming the truth of the plaintiff's allegations that the agreements were "standard," individualized issues of fact predominate the breach of contract claim.[8]  As with the plaintiffs in Klay, the putative class members here would each have to prove, **for each claim submitted**, the amount submitted, the amount to which he or she was entitled, the amount he or she actually received and the alleged miscalculation in the discount applied to the reimbursement.  In other words, as noted by Klay, there are "no common issues of fact that relieve each plaintiff of a substantial portion of this individual evidentiary burden."

**B.      Dr. Hoda's "Injunctive Class" Cannot Be Certified As A Matter Of Law.**

**1.      The Monetary Relief Sought By Dr. Hoda Predominates Over His Requested Injunctive Relief.**

Dr. Hoda seeks to certify an "Injunctive Class" of all "health care providers in all states other than Louisiana who have contracted with the First Health Network."  (Complaint, ¶ 1). Dr. Hoda seeks mandatory injunctive relief compelling Coventry to comply with the terms of its Provider Agreements.  (Complaint, ¶ 21).  Fed. R. Civ. P. 23(b)(2) provides that a class may be certified if:

> The party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

---

[8]      Although accepted as true for purposes of this Motion, Coventry denies that the Provider Agreements were "standard."   In fact, the terms of the agreements varied over time and are subject to varying rules of construction depending on the applicable state law.   There are individualized issues that must be resolved with respect to whether the agreement included a choice of law provision, whether the agreement included an arbitration provision and whether the agreement contained a limitation of liability provision that might limit that class member's right to recovery.  There are also individualized inquiries with respect to the percentage discount to be applied and the applicable state workers compensation rate.

The (b)(2) class action "was intended to focus on cases where broad, class-wide injunctive or declaratory relief is necessary." Allison v. Citgo Petroleum Corp., 151 F. 3d 402, 412 (5th Cir. 1998). Because Rule 23(b)(2) relates to equitable relief, this rule is not the proper vehicle where a plaintiff seeks monetary damages. Thus, certification under Rule 23(b)(2) "does not extend to cases in which the appropriate final relief relates exclusively or predominately to money damages." Fed. R. Civ. P. 23(b)(2) Advisory Committee Notes to 1966 Amendments; Allison, 151 F. 3d at 411; Zehel-Miller v. Astrazenaca Pharmaceuticals, LP, 223 F.R.D. 659, 663 (M.D. Fla. 2004); Murray v. Auslander, 244 F.3d 807, 812 (11th Cir. 2001).

Where the purported class seeks both equitable and monetary relief, "monetary relief predominates in (b)(2) class actions unless it is *incidental* to the requested injunctive or declaratory relief." Murray, 244 F.3d at 812 (emphasis in original); see also Zehel-Miller, 223 F.R.D. at 663 (certification denied because compensatory and punitive claims could not be considered "incidental" to the equitable relief sought); Hammet v. American Bankers Ins. Co. of Florida, 203 F.R.D. 690, 695-96 (S.D. Fla. 2001)(certification not warranted where "notwithstanding a request for injunctive or declaratory relief, the predominant relief requested is monetary").

The Fifth Circuit in Allison, 151 F.3d at 413 noted that, by its nature, a (b)(2) class should be "a homogenous and cohesive group with few conflicting interests among its members." As claims for individual money damages predominate, the "presumption of cohesiveness decreases, while the need for enhanced procedural safeguards to protect the individual rights of class members increases." Id. at 413. The court outlined when monetary relief "predominates:"

> monetary relief 'predominates' under Rule 23(b)(2) when its
> presence in the litigation suggests that the procedural safeguards of

16

> notice and opt-out are necessary, that is, when the monetary relief being sought is less of a group remedy and instead depends more on the varying circumstances and merits of each potential class member's case.

Allison, 151 F.3d at 413. Also, "monetary relief predominates in (b)(2) class actions unless it is incidental to requested injunctive or declaratory relief." Id. at 415. Incidental damages are those that flow directly to the class "as a whole," and consist only of those damages to which class members "automatically would be entitled once liability to the class (or subclass) as a whole is established." Id. Determination of these incidental damages "should not require additional hearings to resolve the disparate merits of each individual's case; it should neither introduce new and substantial legal or factual issues, nor entail complex individualized determinations." Id.

The damages sought by Dr. Hoda are, as a matter of law, not "incidental" to the injunctive relief he seeks. This is a breach of contract case. The primary relief sought by Dr. Hoda is compensatory damages he alleges the putative class members suffered due to Coventry's alleged breach of the Provider Agreements. This case does not involve the "uniform group remedies" contemplated by a Rule 23(b)(2) class. The damages do not automatically flow to the class as a whole. The very nature of the breach of contract damages sought by Dr. Hoda necessarily involves numerous individualized determinations, including the terms of each class member's agreement, the amount of each specific claim, the applicable state workers compensation rate in each class member's state, and the limitations period for each individual class member. Indeed, as is evident on the face of the Complaint, these individualized determinations are not only necessary to determine damages, but are necessary to ascertain who is in the class. A determination of the damages due to each class member must not only be done for each individual class member, but must be done *for each claim submitted by each individual*

17

*class member*.   As a matter of law, Dr. Hoda's allegations for the Rule 23(b)(2) "Injunctive Class" are insufficient and should be dismissed.

> **2.      The Mandatory Injunctive Relief Sought By Dr. Hoda Is Inappropriate As A Matter Of Law.**

As noted above, Dr. Hoda seeks express mandatory injunctive relief ordering Coventry to comply with the terms of its Provider Agreements.  (Complaint, ¶ 21).  In other words, Dr. Hoda asks this Court to order specific performance of the Provider Agreements.   The Mississippi Supreme Court has recognized that: "equity will not direct a specific performance of a contract, where it would require the constant superintendence of the court from day to day for an indefinite time, in order to enforce the carrying out of its decrees" Security Builders, Inc. v. Southeast Drug Company, 244 Miss. 877, 147 So.2d 635, 637 (Miss. 1962)(citations omitted)(refusing to enter an injunction requiring the defendant to comply with the terms of its lease); Copiah Med. Assocs. v. Miss. Baptist Health Sys., 898 So.2d 656, 660 (Miss. 2005)(citations omitted);   Bridges v. Land, 252 So.2d 209, 212 (Miss. 1971)(specific performance will not be ordered where supervision by the court would be required).   Here, Dr. Hoda asks this court to order Coventry to comply with not one Provider Agreement, but with all of its Provider Agreements in 49 states.  This would require constant supervision by this Court. Indeed, it would be impossible for this Court to constantly monitor Coventry's compliance with all of its Provider Agreements nationwide.

> **3.      Dr. Hoda And The Putative Class Members Have An Adequate Remedy At Law.**

It is well-settled that a party seeking injunctive relief must have an injury for which no adequate remedy at law exists. Dresser-Rand Co. v. Virtual Automation, Inc., 361 F.3d 831, 848 (5th Cir. 2004).  The Fifth Circuit has recognized that, for purposes of injunctive relief, a party

18

has an adequate remedy at law where "the situation sought to be enjoined is capable of being remedied by legally measurable damages." Id. (citation omitted).

Here, the sole claim asserted by Dr. Hoda, other than his claim for a mandatory injunction, is for breach of contract. (Complaint, ¶¶ 17-19). This claim can indisputably be remedied by legally measurable damages. In fact, not only does Dr. Hoda plead in the Complaint that the alleged breach of contract by Coventry is compensable by monetary damages, he provides a specific means by which he asserts those damages should be calculated. In his Complaint, Dr. Hoda expressly alleges that the "amount of underpayment" due to the providers as a result of Coventry's alleged breach is the difference between:

a)      the lesser of the provider's billed charge and the stated percentage of the applicable state fee or reimbursement schedule; and

b)      the stated percentage of the lesser of the billed charges and the applicable state fee or reimbursement schedule.

Complaint, ¶ 15.

Moreover, Dr. Hoda fails to adequately plead in his Complaint how the members of the "Injunctive Class" will be irreparably harmed if this Court does not enter his requested injunctive relief. As noted above, a plaintiff is required to allege more than just "labels and conclusions." Twombly, 127 S. Ct. at 1974. This Court, even on a Motion to Dismiss, does not have to accept conclusory allegations as true. Papasan, 478 U.S. at 286. The **only** allegation relating to alleged "irreparable" harm in the Complaint states that the Injunctive Class "has suffered and will continue to suffer irreparable harm as a result of the [sic] Coventry's systematic and routine breach of contract." (Complaint, ¶ 22). This is nothing more than a conclusory, speculative allegation with no basis in fact. Plaintiff fails to show what, if any, alleged "irreparable harm" either he or the class has suffered. In fact, they have not suffered and will not suffer any

irreparable harm, as their breach of contract claim is fully compensable through monetary relief. Both the class claims of the "Injunctive Class" and Dr. Hoda's individual claim for injunctive relief should be dismissed.

### C.    Certification Is Inappropriate Under Rule 23(b)(1).

Class certification is appropriate under Rule 23(b)(1)(A) where individual actions would create the "risk of inconsistent or varying adjudications with respect to individual members of the class." The Fifth Circuit has recognized that, where a party seeks compensatory damages, no risk of inconsistent adjudications or incompatible standards of conduct exists. Allison, 151 F.3d at 420, N.16.    Where the plaintiff seeks compensatory damages, certification under Rule 23(b)(1)(A) is inappropriate. Clausnitzer, 248 F.R.D. at 662; Langbecker v. Elec. Data Sys. Corp., 476 F.3d 299, 318 (5th Cir. 2007)(monetary damages sought by plaintiffs set the case apart from "classic" Rule 23(b)(1)(A) class). Certification under this section is generally only appropriate where the plaintiffs seek declaratory or injunctive relief. Clausnitzer, 248 F.R.D. at 662.    Here, as noted above, compensatory damages are the predominant relief sought by Dr. Hoda.    Moreover, the plaintiff's allegations that certification is appropriate under Rule 23(b)(1)(A) are nothing more than conclusory summarizations of the rule itself.    Accordingly, certification is inappropriate as a matter of law under Rule 23(b)(1)(A).

Certification is similarly inappropriate under Rule 23(b)(1)(B).  A class may be certified pursuant to Rule 23(b)(1)(B) where separate actions would create a risk of "adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests." As recognized by the Advisory Committee Notes to Rule 23, Rule 23(b)(1)(B) classes are generally appropriate in "limited fund" cases where "claims are

made by numerous persons against a fund insufficient to satisfy all claims." Fed. R. Civ. P. 23(b)(1)(B) Advisory Committee Notes to 1966 Amendments. This provision only provides for certification of a non-opt out class where each putative class member claims entitlement to a pro rata share of a monetary fund with a definitely ascertained limit. See, e.g., Zisner v. Accufix Research Inst., Inc., 253 F.3d 1180, 1186 (9th Cir. 2001)(citing Oritz v. Fibreboard Corp., 527 U.S. 815, 842 (1999)); Langbecker, 476 F.3d at 318 (Rule 23(b)(1)(B) "limited fund" class "plainly not appropriate" in ERISA litigation); Baker v. Wash. Mut. Fin. Group, LLC, 2006 U.S. App. LEXIS 18551, *7 (5th Cir. July 24, 2006)(citing Ortiz, 527 U.S. at 842)(Rule 23(b)(1)(B) usually reserved for "limited fund" classes).

Here, Dr. Hoda predominantly seeks compensatory damages. He does not allege that he seeks such compensatory damages from a limited monetary fund. As such, Dr. Hoda's class allegations pursuant to Rule 23(b)(1)(B) must fail.

## IV.   CONCLUSION

For the reasons described above, defendant Coventry Health Care, Inc. respectfully requests that this Court dismiss all class claims and that it dismiss the individual injunctive relief claim of Dr. Hoda.

This the 11th day of November, 2008.

Respectfully submitted,

COVENTRY HEALTH CARE, INC.

By:   s/ R. David Kaufman
                    One of Its Attorneys

OF COUNSEL:

R. David Kaufman, Esq. (MSB No. 3526)
Christopher A. Shapley, Esq. (MSB No. 6733)
Joseph Anthony Sclafani, Esq. (MSB No. 99670)
BRUNINI, GRANTHAM, GROWER & HEWES PLLC
1400 Trustmark Building
248 East Capitol Street (39201)
Post Office Box 119
Jackson, MS 39205-0119
Telephone: (601) 948-3101
Facsimile: (601) 960-6902
dkaufman@brunini.com
cshapley@brunini.com
jsclafani@brunini.com

       -and-

V. Robert Denham, Jr., Esq. (*pro hac* motion pending)
Jennifer A. Adler, Esq. (*pro hac* motion pending)
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2600 One Atlanta Plaza
950 East Paces Ferry Road, N.E.
Atlanta, Georgia 30326-1386
Telephone: (404) 760-4300
Facsimile: (404) 233-1267
vrdenham@rkmc.com
jaadler@rkmc.com

## <u>CERTIFICATE OF SERVICE</u>

I, R. David Kaufman, hereby certify that I electronically filed the foregoing pleading or other paper with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Dennis C. Sweet, III, Esq. (<u>Dennis.Sweet@sweetandassociates.net</u>);

William E. Grubbs, Esq.;

Arthur Mahony Murray, Esq. (<u>amurray@murray-lawfirm.com</u>);

Korey A. Nelson, Esq. (<u>knelson@murray-lawfirm.com</u>); and

Stephen B. Murray, Esq. (<u>smurray@murry-lawfirm.com</u>).

Further, I hereby certify that I have mailed by United States Postal Service the document to the following non-ECF participants:  NONE.

This the 11th day of November, 2008.

s/ R. David Kaufman